UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATRICIA FLOWERS-
CARTER, *et al.*,

        Petitioners,

v.

DOLENGA & DOLENGA,
PLLC,

        Respondent.
_____/

Case No. 2:20-mc-50338
District Judge Stephen J. Murphy, III
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONERS' MOTION TO ENFORCE THE SUBPOENA SERVED ON RESPONDENT (ECF No. 1)

This matter came before the Court for consideration of Petitioners' motion to enforce the subpoena served on Respondent (ECF No. 1), Respondent's response in opposition (ECF No. 9), Petitioners' reply (ECF No. 12), Respondent's list of unresolved issues (ECF No. 17), and Petitioners' list of unresolved issues (ECF No. 18).[1] Judge Murphy referred this motion to me for a hearing and determination. (ECF No. 4.) As a result of the COVID-19 pandemic and Michigan Governor Whitmer's order to shelter in place, a telephonic hearing was

---

[1] The parties are cautioned that Judge Patti's Practice Guidelines for discovery motions require the filing of a *joint* list of resolved and unresolved issues, or they may be rejected. Nevertheless, the Court considered both.

held on May 15, 2020, at which counsel as well as Michael Dolenga of Respondent Dolenga & Dolenga, PLLC appeared by telephone.

Upon consideration of the motion papers and oral argument, as well as Michael Dolenga's testimony on the record, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Petitioners' motion to enforce the subpoena served on Respondent (ECF No. 1) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- Respondent must produce, on or before **Friday, May 22, 2020**, the telephone records for its office telephone line that Petitioners requested in the subpoena, subject to a redaction of all telephone calls not made to the phone numbers for Petitioners and Petitioners' representatives listed in the subpoena, as revised by Petitioners' list of unresolved issues, which noted that the subpoena contained a scrivener's error as to one of the numbers, incorrectly listing 888-594-9111 instead of the correct number 888-595-9111 (*see* ECF No. 18, PageID.268, fn 1). Accordingly, the Court **OVERRULES** Respondent's objections to such production on the basis of relevancy, over-burdensomeness, and proportionality. *See* Fed. R. Civ. P. 26(b)(1) and (2); *see also State Farm Mut. Ins. Co. v. Elite Health Centers, Inc.,* 364 F. Supp.3d 758, 766-767 (E.D. Mich. 2018).

- The Court also **OVERRULES** Respondent's objections on the basis of relevancy, over-burdensomeness, and proportionality, to the same production of telephone records as outlined above for Respondent's cellular telephone. However, in light of Michael Dolenga's testimony that Verizon has refused to provide him with his cellular telephone records for the period in question without a subpoena or court order, and after being made aware that Petitioner has independently subpoenaed those records from Verizon through the U.S. District Court for the District of New Jersey, the Court **DENIES WITHOUT PREJUDICE** Petitioners' motion to

enforce the subpoena with regard to Respondent's cellular telephone. Instead, Respondent must produce, on or before **Friday, May 22, 2020**, any documents available to it which demonstrate the date on which Respondent switched the cellular telephone line at issue from a business account to a personal account through Verizon, or, if such documentary evidence is unavailable, an affidavit or declaration to the same effect.

Finally, the Court declines to award costs or expenses, neither party having prevailed in full. Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

Dated: May 18, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE